■ BURKE SECURITY, INC., et al., Respondents, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH et al., Appellants.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted plaintiffs summary judgment for the amount of insurance premiums paid to defendant National Union Fire Insurance Company, in excess of the amount provided by the terms of the retention agreement dated October 30, 1979, and properly dismissed National Union's counterclaim. The agreement is clear on its face. Although National Union contends that the rate by which the premiums were to be computed, as stated in the agreement, was the result of a scrivener's error, it did not bring an action or assert a counterclaim for reformation. As the court properly held, a cause of action for reformation would have accrued in 1979 and thus would be barred by the Statute of Limitations. For the first time on appeal, National Union argues that CPLR 203 (c) permits it to assert a counterclaim for reformation to offset the amounts sought by plaintiffs. National Union did not assert a counterclaim for reformation in its answer and did not argue that the retention agreement should be reformed until more than three years after the action had been commenced.

Supreme Court incorrectly denied defendant W.H. Brownyard Corporation's cross motion for summary judgment dismissing the complaint against it. Brownyard's cross motion was proper even though plaintiffs, in making the original motion, did not seek any relief against Brownyard. "[A] party [here Brownyard] may serve upon the moving party [here plaintiffs] a notice of cross-motion demanding relief * * * [R]elief need not be responsive to that demanded by the moving party" (CPLR 2215).

The complaint alleges that plaintiffs employed Brownyard to procure and service liability and workers' compensation insurance for plaintiffs and that, after Brownyard placed the

insurance with National Union, plaintiff and National Union entered into a retention agreement providing for the return of premiums based upon the formula set forth therein. The complaint further alleges that, under the formula, defendants were obligated to refund the sum of $167,647.41 to plaintiffs and failed to do so upon demand.

Brownyard has submitted uncontroverted proof that it passed all premiums along to National Union and is holding no premiums paid by plaintiffs. Whether Brownyard was acting as a broker for plaintiffs or as an agent for National Union, Brownyard breached no duty it owed to plaintiffs. Plaintiffs received the contract that they bargained for and Brownyard is not responsible for National Union's breach of that contract.

The order appealed from is modified by granting defendant Brownyard's cross motion for summary judgment and dismissing the complaint against it. (Appeals from Order of Supreme Court, Erie County, Doyle, J.—Summary Judgment.) Present —Denman, P. J., Boomer, Pine, Balio and Boehm, JJ.